■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS C. CHARLES, Also Known as CHARLES CARLOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered November 21, 1988, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), resisting arrest, and menacing, upon a jury verdict, and sentencing him to an indeterminate term of 6½ to 13 years' imprisonment for criminal possession of a weapon in the second degree, 2½ to 5 years' imprisonment for each count of criminal possession of a weapon in the third degree, a determinate term of one-year imprisonment for resisting arrest and a determinate term of one-year imprisonment for menacing.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the

matter is remitted to the Supreme Court, Queens County, for the imposition of a new sentence.

At the time of sentencing, the Supreme Court expressed its view that the maximum term of imprisonment available under the law with respect to the defendant's conviction for criminal possession of a weapon in the second degree, a class C violent felony (see, Penal Law §§ 265.03, 70.02 [1] [b]), was 12½ to 25 years. However, the maximum term of imprisonment actually available for that crime is 7½ to 15 years, as the defendant was a second violent felony offender (see, Penal Law § 70.00 [2] [c]; § 70.02 [3] [b]; § 70.04 [3] [b]). There is no contention that the sentences imposed with respect to the lesser crimes could have been made to run consecutively (see, People v Okafore, 72 NY2d 81).

Although the defendant did not alert the Supreme Court to its error (see, People v Lemon, 62 NY2d 745 [similar sentencing error not reviewable as a matter of law]), and although there is no proof that the Supreme Court's error with respect to the statutory maximum actually affected the concededly legal sentence which was imposed, we believe that the interest of justice warrants further proceedings as to sentence (see, People v Napolitano, 157 AD2d 675). We also note that the sentence of one-year imprisonment in connection with the crime of menacing, a class "B" misdemeanor (see, Penal Law § 120.15) exceeds the statutory maximum (see, Penal Law § 70.15 [2]). The matter should, therefore, be remitted for resentencing.

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.